Singh v. Barr

BIA
Hom, IJ
A206 080 227

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:
>        JON O. NEWMAN,
>        JOSÉ A. CABRANES,
>        GERARD E. LYNCH,
>            *Circuit Judges.*

_____

AMANDEEP SINGH,
>        *Petitioner,*

>        v.                                          17-2545
>                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Bernard A.
                       Joseph, Senior Litigation Counsel;
                       Jason Wisecup, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Amandeep Singh, a native and citizen of India, seeks review of a July 19, 2017, decision of the BIA affirming a September 26, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amandeep Singh,* No. A 206 080 227 (B.I.A. July 19, 2017), *aff'g* No. A 206 080 227 (Immig. Ct. N.Y. City Sep. 26, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA assumed credibility, we make the same assumption. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Singh alleged past persecution and a fear of future persecution based on his

2

membership in the Akali Dal Mann political party ("Mann Party").

Past Persecution

A valid past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In evaluating past persecution, the agency must consider the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The BIA erred in its analysis of whether Singh's past harm rose to the level of persecution. The BIA determined that because Singh was attacked only twice by Congress Party members and did not need serious medical attention, the harm did not rise to the level of persecution. However, there is no requirement that an applicant require serious medical treatment for past physical abuse to constitute persecution. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 283 (2d Cir. 2007). Moreover, "non-life-threatening violence and physical abuse," can constitute persecution. *Beskovic*, 467

3

F.3d at 226 n.3; *see also Ivanishvili*, 433 F.3d at 342 (Evidence that an alien has suffered "physical abuse and violence . . . may preclude a finding that the conduct is mere harassment that does not as a matter of law rise to the level of persecution, for violent conduct generally goes beyond the mere annoyance and distress that characterize harassment." (internal citation omitted)).

Additionally, the BIA should have analyzed the context of the beatings. "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic*, 467 F.3d at 226 (quoting *Ivanishvili*, 433 F.3d at 341). The BIA discussed the medical treatment that Singh required as a result of the beatings but did not discuss the context of the beatings, e.g., that during the second beating, he was attacked by six individuals who threatened to kill him if he did not join the Congress Party. Additionally, it is unclear whether the BIA was making this finding in the first instance or mistakenly believed that the IJ had also found that Singh's harm did not rise to the level of persecution; the IJ did not make such a finding and instead based his past persecution analysis on the credibility

4

determination that the BIA declined to reach. *See Poradisova*, 420 F.3d at 77 ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). Accordingly, we remand to the agency so that it may further explain or reconsider whether Singh suffered past persecution. *See Beskovic* 467 F.3d at 227.

Well-Founded Fear of Future Persecution

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii).

Even assuming that Singh's past harm did not rise to the level of persecution, the agency erred in its analysis of future harm. Although both the IJ and BIA stated that they were assuming credibility, they did not evaluate or credit

5

the instances of past harm in determining whether Singh had an objectively reasonable fear of future persecution. Although the IJ stated that he was assuming credibility, he did not discuss Singh's past beatings and death threats, but instead stated that Singh's unsubstantiated testimony was entitled to little weight.  The BIA also did not discuss Singh's testimony in analyzing whether he had a well-founded fear of future persecution and only discussed a State Department report.  We have cautioned against placing "excessive reliance" on State Department reports and instructed "where a report suggests that, *in general*, an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence."  *Tian-Yong Chen v. U.S. INS*, 359 F.3d 121, 130 (2d Cir. 2004).  The agency determined that the State Department Report did not show that regular members of the Mann Party were persecuted by the Congress Party.  But because the agency stated that it was assuming that Singh was

6

credible, it was required to consider Singh's testimony, which showed, contrary to the report, that regular members of his political party were targeted by the Congress Party. *Id.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with the order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court